UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELLIS T. WATERS,**<br><br>    Plaintiff,<br><br>v.<br><br>**SHOPRIGHT SUPERMARKETS, INC.,** and **WAKEFERN FOOD CORPORATION** (d/b/a ShopRite #163),<br><br>    Defendants. | Civil Action Number:<br>2:10-cv-02986<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

### MEMORANDUM OPINION

**I.    INTRODUCTION**

Plaintiff Ellis T. Waters filed a five-count Complaint against Defendants ShopRight Supermarkets, Inc. ("SRSI") and SRSI's parent corporation, Wakefern Food Corporation ("Wakefern"). Counts I and III assert claims under the Age Discrimination in Employment Act ("ADEA"); Counts II and IV assert claims under the New Jersey Law Against Discrimination ("NJLAD"); and Count V asserts a retaliation claim under the National Labor Relations Act ("NLRA"), the ADEA, and NJLAD. Defendants have put forward a motion to dismiss asserting a variety of defenses, including a statute of limitations defense. For the reasons elaborated below, Defendants' motion to dismiss will be **GRANTED** in part, and **DENIED** in part.

**II.    FACTUAL BACKGROUND**

It appears that between November 1, 2008 and October 13, 2009, Plaintiff was the oldest store clerk in ShopRight Supermarkets, Inc.'s store #163, in Clark, New Jersey. Plaintiff complains of unlawful discrimination, harassment, and retaliation at the workplace over the course of November 2008 through January 2009. He corresponded with the Equal

Employment Opportunity Commission ("EEOC") during that time, and eventually filed a formal EEOC charge on February 17, 2009. Plaintiff's EEOC charge listed SRSI as a respondent, but failed to list Wakefern. The EEOC responded by sending Plaintiff a right-to-sue notice on March 10, 2009.

The gravamen of Plaintiff's Complaint is that over the course of his employment he complained of unsafe workplace practices for which he alleges that he was retaliated against and ultimately terminated on October 13, 2009, when he was roughly 66 years old. Specifically, Plaintiff alleges that he complained of filthy bathrooms at the workplace which violated workplace safety rules. He also complained that the store lacked sufficient ventilation in connection with the cutting of stones for tiling. He complained of lack of union representation associated with his late shift, and he complained that arduous stocking work was not given to younger stock clerks, leaving him doing what he alleges should have been their job (that is, had it been evenhandedly divided). In consequence of these complaints, Plaintiff was disciplined, including having been "written up" for "insubordination." Compl. ¶ 25. He alleges that management punished him by making him work alone in a difficult aisle. He further alleges that he was suspended for poor performance in regard to stocking goods although he was engaged with rectifying disorder in connection with a palette of goods that had toppled over. The suspension was subsequently overturned after union intervention. Management continued to issue him warnings for poor performance. Later his younger co-clerks complained to management that Plaintiff had been swearing. Notwithstanding his denying the accusation, he was again suspended by management. Plaintiff contacted the human resources officer and alleged that he was the victim of age discrimination. On October 13, 2009, management terminated him. Management's basis for the termination was that Plaintiff had a loud altercation with a manager whom Plaintiff had threatened. Plaintiff denies the purported factual basis for his termination. Finally, Plaintiff alleges that other store clerks whose behavior was less than professional were treated less harshly than he was.

## III.   STANDARD OF REVIEW

*Federal Rule of Civil Procedure 12(b)(6).* This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements,

the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

## IV.   ANALYSIS

Defendants assert a variety of defenses. At the outset, the Court notes Defendants in their reply brief withdraw without prejudice their defense asserting that the Complaint was untimely because it was filed more than 90 days after Plaintiff received his right-to-sue letter. The Court further notes that Plaintiff waives, in his opposition brief, any Count V claim asserted under the NLRA. Plaintiff also concedes that his claim in Count V under unspecified "federal law" is insufficient. Thus, Plaintiff will be ordered to file an amended complaint in regard to Count V within 30 days from the entry of the order filed with this opinion. Failure to make a timely filing will result in waiver of any retaliation claim in Count V not grounded in the ADEA or NJLAD.

*Failure to Exhaust Against Wakefern*. As explained, although Wakefern is named as a defendant in this action, Plaintiff's EEOC charge did not name Wakefern. Failure to name a defendant in the prior EEOC proceedings functions as an affirmative defense. "The Third Circuit has recognized an exception to the general rule that a plaintiff may not bring a Title VII action [including an ADEA action] against a party not named in an EEOC charge where (1) the unnamed party received notice of the EEOC complaint and (2) there is a shared commonality of interest with the named and unnamed parties. The Third Circuit has construed 'received notice' to require a showing that the unnamed party had actual knowledge of the EEOC complaint." *Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 765 (E.D. Pa. 2005). Fairly read, the Complaint raises an inference that there is a shared commonality of interest between the two Defendants. However, Plaintiff's opposition brief fails to explain what paragraphs of the Complaint raise an inference that Wakefern had actual knowledge or notice of the EEOC complaint. Wakefern has fairly raised the affirmative defense, but Plaintiff has failed to make a responsive showing. Therefore, Wakefern will be dismissed from this action.

*Statute of Limitations Defenses*. The Complaint was filed June 11, 2010. Defendants argue that NJLAD is governed by a two year statute of limitations, thus barring claims grounded in adverse employment actions or retaliation taking place prior to June 11, 2008. Plaintiff makes no response, thereby waiving or abandoning this issue. *See Conroy v. Leone*, 316 Fed. Appx. 140, 144 n. 5 (3d Cir. Mar. 9, 2009) ("We find this undeveloped argument has been waived."); *Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1002 n.1 (7th Cir. 2001) (holding that perfunctory and undeveloped arguments, and arguments unsupported by pertinent authority, are waived).

As to the ADEA claim, Plaintiff filed his EEOC charge on February 17, 2009. ADEA claims must be filed within 300 days of the alleged discriminatory conduct. Defendants therefore conclude that events prior to April 23, 2008 are time barred. Plaintiff, on the other hand, argues that he had sent substantive letters to the EEOC, letters which functionally amounted to an EEOC charge, as early as December 11, 2008, and the limitations period runs from 300 days prior to December 11, 2008, that is, from February 15, 2008. Neither party has put forward this early correspondence for the Court to examine. The Court is, therefore, not well positioned to determine if this early correspondence functioned as an EEOC Complaint. As Defendants have acknowledged in their briefs, the ADEA counts will go forward in any event. Thus the Court will dismiss this defense without prejudice allowing Defendants to seek out discovery on this issue.

## V.   CONCLUSION

For the reasons elaborated above, Defendants' motion to dismiss is **GRANTED** in part, and **DENIED** in part. Specifically, any claim by Plaintiff asserted under the NLRA is waived. Defendant Wakefern is dismissed from this action. Alleged discriminatory conduct prior to June 11, 2008 is barred in relation to Plaintiff's NJLAD claim. Alleged discriminatory conduct prior to February 15, 2008 is barred in relation to Plaintiff's ADEA claims. SRSI may reassert its statute of limitations defense after discovery.

Furthermore, Plaintiff shall file an amended complaint in regard to Count V within 30 days from the entry of the order filed with this opinion. Failure to make a timely filing will result in waiver of any retaliation claim in Count V not grounded in the ADEA or NJLAD. No other relief is granted.

                                                s/ William J. Martini
**DATE: February 18, 2010**                    **William J. Martini, U.S.D.J.**