UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

ELLIS WATERS,

       Plaintiff,

   v.

SHOPRITE SUPERMARKETS, INC., *et al.*,

      Defendants.

Civ. No. 2:10-cv-02986 (WJM)

**OPINION**

<u>**WILLIAM J. MARTINI, U.S.D.J.**</u>:

Plaintiff Ellis T. Waters filed this lawsuit against ShopRite Supermarkets, Inc. ("SRSI") and SRSI's parent company, Wakefern Foods Corporation, Inc. ("Wakefern"), alleging violations of the Age Discrimination in Employment Act ("ADEA") and the New Jersey Law Against Discrimination ("NJLAD"). This matter comes before the Court on Plaintiff's motion for reconsideration of this Court's February 18, 2011 Opinion and Order pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 7.1(i). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion for reconsideration is **GRANTED** in part, and **DENIED** in part.

**I.     BACKGROUND**

The relevant facts are as follows. Plaintiff worked as a grocery stock clerk in an SRSI store in Clark, New Jersey. Between November 1, 2008 and October 13, 2009,

Plaintiff was the oldest clerk in the store.  Plaintiff alleges that, in that time period, the store's management disciplined him and later terminated him because of his age.

In December 2008, Plaintiff completed an Equal Employment Opportunity Commission ("EEOC") questionnaire alleging that SRSI's management engaged in acts that constituted age discrimination.[1]   EEOC representatives responded to Plaintiff's questionnaire on December 8, 2008, and worked with Plaintiff to supplement his claims. Plaintiff filed a formal charge with the EEOC on February 17, 2009 in which he listed SRSI as a respondent, but did not list Wakefern as a respondent.  The EEOC sent Plaintiff a right-to-sue notice on March 8, 2010.

On June 11, 2010, Plaintiff filed a five-count Complaint against SRSI and Wakefern.  Counts I and III asserted claims under the ADEA.  Counts II and IV asserted claims under the NJLAD.  Count V asserted a retaliation claim.  On November 15, 2010, SRSI and Wakefern moved to dismiss the Complaint, arguing, in part, that Plaintiff failed to exhaust his administrative remedies as to Wakefern by failing to list Wakefern in the EEOC charge.  On February 18, 2011, the Court entered an Order that, *inter alia*, dismissed Wakefern from the action.  On March 4, 2011, Plaintiff filed the instant motion for reconsideration.

## II.    STANDARD OF REVIEW

---

[1] This questionnaire should not be confused with Plaintiff's later-filed questionnaire alleging race-based discrimination.  The second questionnaire is the subject of Plaintiff's Motion to Amend, which is currently pending before the Court.

A motion for reconsideration under Local Civil Rule 7.1(i) may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Relief by way of a motion for reconsideration is considered an "extraordinary remedy," to be granted only sparingly. *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1999).

A motion for reconsideration should not be treated as an appeal of a prior decision. *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996) ("A party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for reargument." It is improper for the moving party to "ask the court to rethink what it ha[s] already thought through-rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

## III.   ANALYSIS

Plaintiff moves for reconsideration of two issues: (1) dismissal of the ADEA claims against Wakefern (Counts I and III of the Complaint), and (2) dismissal of the NJLAD claims against Wakefern (Counts II and IV of the Complaint).

### A.  The ADEA Claims

Plaintiff urges the Court to reconsider its decision to dismiss Plaintiff's ADEA claims against Wakefern (Counts I and III of the Complaint).  Plaintiff argues that the Court misapplied the burden of production with respect to Wakefern's affirmative defense of administrative exhaustion.  The Court concludes that it did not err in dismissing these claims.

It is well-established that an ADEA action may ordinarily be brought only against a party previously named in an EEOC complaint.  42 U.S.C. § 2000e-5(f)(1) (2011) (a civil action may only be brought against employers that are "named in the charge").  The Third Circuit has recognized an exception to this rule where (1) the unnamed party received notice of the EEOC complaint, and (2) there is a shared commonality of interest with the named and unnamed parties.  *Schafer v. Bd. of Pub. Educ.*, 903 F.2d 243, 252 (3d Cir. 1990) (creating the exception for Title VII cases); *Turk v. Salisbury Behavioral Health, Inc.*, No. 09-CV-6181, 2010 WL 1718268, at *2 n.3 (E.D. Pa. Apr. 27, 2010) (clarifying that the exception also applies to ADEA cases).  The Third Circuit has construed "received notice" to require a showing that the unnamed party had actual knowledge of the EEOC complaint.  *See Goodman v. Lukens Steel Co.*, 777 F.2d 113, 127-28 (3d Cir. 1985).

In this case, the Court held that dismissal was warranted because Plaintiff failed to plead that Wakefern had actual knowledge of the EEOC charge.  Op. at 3, ECF No. 13; *see also Christaldi-Smith v. JDJ, Inc.*, 367 F. Supp. 2d 756, 764 (E.D. Pa. 2005) (dismissing discrimination claims where "plaintiff's civil action complaint [did] not

4

allege that [the unnamed party] or any of its representatives had actual notice of the EEOC charge.").  The only question presented by the motion for reconsideration is whether Plaintiff's failure to allege actual notice properly resulted in dismissal.[2]

Plaintiff argues that the Court's ruling was "erroneous in several respects."  Pl.'s Br. 3, ECF No. 18.  First, Plaintiff argues that a court may not dismiss claims based on an affirmative defense where, as here, the affirmative defense does not arise on the face of the complaint.  Specifically, Plaintiff argues that an affirmative defense must be based on "the allegations affirmatively *made* in the complaint, not the allegations *omitted* from the complaint."  Pl.'s Br. 4 (emphasis in original).  While it is true that Plaintiff did not specify in his Complaint which entity or entities were named in the EEOC charge, the EEOC charge itself, which was attached to Defendants' motion to dismiss, does not list Wakefern as a respondent.  Furthermore, Plaintiff admitted in both his opposition brief and the attached certification that he did not name Wakefern in the EEOC charge.  Pl.'s Br. in Opp. to Mot. to Dismiss ("Pl.'s Opp. Br.") 5, ECF No. 11 ("It is true that Waters did not name Wakefern as a respondent in his Charge"); Waters Cert. ¶ 5, ECF No. 11 ("I did not name Wakefern Foods, Inc. ("Wakefern") as a respondent in my Charge").[3] Having repeatedly admitted that the facts forming the basis of the affirmative defense are true, Plaintiff cannot now complain that there was no basis for the affirmative defense.

---

[2] There is no dispute that Plaintiff failed to name Wakefern in his EEOC charge, that the Complaint alleged facts sufficient to support commonality of interest, and that the Complaint failed to allege facts sufficient to support actual notice.

[3] The Court properly considered these documents.  *See Schanzer v. Rutgers University*, 934 F. Supp. 669, 671 n.1 (D.N.J. 1996) (on motion to dismiss, a court may consider documents that are indisputably authentic and appended to papers of either party).

Second, Plaintiff argues that a defendant has the burden of proving an affirmative defense and that Wakefern failed to "tender facts establishing that Wakefern never received actual notice of Water's EEOC charge."  Pl.'s Br. 6.  Plaintiff's argument conflates two burdens of proof:  the burden of proving an affirmative defense and the burden of proving an exception to an affirmative defense.  Plaintiff is correct that a defendant bears the burden of proving an affirmative defense.  Here, Wakefern met that burden by showing that Plaintiff failed to name Wakefern in his EEOC charge.  Plaintiff is not correct that a defendant bears the burden of proving the exception to an affirmative defense; that burden falls on Plaintiff.  *See Christaldi-Smith*, 367 F. Supp. 2d at 764 (discussing whether the plaintiff had met her burden of showing that the unnamed party had actual notice of her EEOC charge).  Plaintiff admits that the Complaint was silent on the issue of actual notice.  Pl.'s Br. 6 ("[T]he complaint, simply, speaks to neither of these elements").  Thus, it was Plaintiff, not Defendant, who failed to meet his burden.[4]

Finally, Plaintiff argues that he should be allowed to amend his Complaint to allege that Wakefern received actual notice or be permitted to conduct discovery on that issue.  Plaintiff had the opportunity to raise these requests in response to the motion to dismiss.  The Court will not entertain requests raised for the first time on a motion for reconsideration.  *See NL Industries*, 935 F. Supp. at 516.

---

[4] Furthermore, Plaintiff made the same burden of proof arguments in his original opposition brief.  *See* Pl.'s Opp. Br. 4 ("[F]ailure to exhaust administrative remedies is an affirmative defense that defendants bear the burden of pleading and proving.").  Therefore, this argument is not properly the subject of a motion for reconsideration.  *See Oritani Sav. & Loan Ass'n*, 744 F. Supp. at 1314.

### B.  The NJLAD Claims

Plaintiff argues that the Court erred in dismissing the NJLAD claims against Wakefern (Counts II and IV of the Complaint) because the exhaustion requirement applies only to ADEA claims.  Plaintiff is correct.

Unlike the ADEA, the NJLAD does not require that a complainant exhaust his administrative remedies before filing a claim in court.  The NJLAD created an administrative body, the Division on Civil Rights, which is analogous to the federal government's EEOC.  N.J.S.A. 10:5-6 (2011).  However, the NJLAD specifically provides that "[a]ny complainant may initiate suit in Superior Court under this act *without* first filing a complaint with the division."  N.J.S.A. 10:5-13 (2011) (emphasis added).  Furthermore, Defendants never moved to dismiss these claims.  Therefore, it was a clear error of law to dismiss the NJLAD claims against Wakefern.

## III. CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration is **GRANTED** in part, and **DENIED** in part.  Specifically, the portion of the Court's February 18, 2011 Order dismissing Wakefern is vacated, and Counts II and IV of the Complaint are reinstated against Wakefern.  All other requests for relief are denied.  An appropriate order follows.

_/s/ William J. Martini_____
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: December 5, 2011.**