NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ELLIS T. WATERS,** | Civil Action No. 10-2986 (WJM) |
| **Plaintiff,** | |
| v. | |
| **SHOPRITE SUPERMARKETS, INC. and WAKEFERN FOODS CORPORATION, INC.,** | OPINION |
| **Defendants.** | |

**FALK, U.S.M.J.**

Before the Court is Plaintiff's motion for leave to file an amended complaint, adding claims of race discrimination. The motion is opposed. Oral argument was not heard. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **granted.**

### BACKGROUND

Ellis T. Waters ("Plaintiff") was an employee of ShopRite Supermarkets, Inc.'s ("ShopRite") store in Clark, New Jersey. Throughout the course of his employment with ShopRite, Plaintiff alleges he was subjected to unlawful discrimination and harassment in the workplace, ultimately ending in his termination, after he voiced complaints of unsafe workplace practices. See Pl. Compl. ¶¶ 14 - 43. On February 17, 2009, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge against ShopRite asserting violations of the Age Discrimination in Employment Act ("ADEA"). See CM/ECF No. 6-2. Three weeks later Plaintiff was issued a right-to-sue notice. Id.

On June 11, 2010, Plaintiff filed a complaint naming ShopRite and its parent company, Wakefern Foods Corporation, Inc., ("Wakefern") (collectively "Defendants") as Defendants, asserting claims of age discrimination, harassment and retaliation pursuant ADEA and the New Jersey Law Against Discrimination ("NJLAD"). See CM/ECF No. 1.  Less than two months after filing his complaint, Plaintiff submitted an additional EEOC charge asserting race-based claims against ShopRite and Wakefern in violation Title VII of the Civil Rights Act ("Title VII"). See CM/ECF No. 26-2.

While Plaintiff was waiting for his right-to-sue notice related to his race-based claim, Defendants filed a motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6). See CM/ECF No. 6. Defendants' motion was predicated, in part, on the argument that Plaintiff's age-based claims were partially barred by the applicable statute of limitations. See CM/ECF No. 6. By Opinion and Order dated February 18, 2011, the Honorable William J. Martini, U.S.D.J., partially granted Defendants' motion to dismiss. See CM/ECF No. 13, 14. In doing so, the Court barred alleged discriminatory conduct prior to June 11, 2008 in relation to Plaintiff's NJLAD claims, and prior to February 15, 2008 in relation to Plaintiff's ADEA claims.[1] Id.

Plaintiff was subsequently issued a right-to-sue notice in relation to his race-based claims on May 3, 2011. Two months later, Plaintiff filed the instant motion to add allegations that his termination and treatment at ShopRite constituted race discrimination pursuant to Title VII, NJLAD, and 42 U.S.C. 1981 ("Section 1981"). See CM/ECF No. 24.

---

[1] In addition, the Court dismissed Wakefern from the action entirely. See CM/ECF No. 13 at 4. Thereafter, Plaintiff filed a motion for reconsideration challenging Wakefern's dismissal. See CM/ECF No. 27. On December 5, 2011, the Court granted in part and denied in part Plaintiff's motion. See CM/ECF No. 27. Specifically, the Court vacated its decision to dismiss the NJLAD claims against Wakefern, but affirmed its decision concerning all other claims.

Defendants oppose the motion. While noting that Plaintiff has delayed in moving to amend, the primary opposition appears to be that portions of the amendment would be futile since they are beyond the statute of limitations.

## STANDARD OF REVIEW

Once a responsive pleading has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Court is to freely grant leave "when justice so requires." Id. The decision to grant a motion to amend a pleading rests in the sound discretion of the district court. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321, 330 (1970). Generally, leave to amend should be granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) repeated failure to cure deficiencies through previous amendments; or (5) futility. Foman v. Davis, 371 U.S. 178, 182 (1962). The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. However, given the liberal standard for the amendment of pleadings, "courts place a heavy burden on opponents who wish to declare a proposed amendment futile." See Pharmaceutical Sales and Consulting Corp. v. J.W.S. Delavau Co., Inc., 106 F.Supp.2d 761, 764 (D.N.J.2000) (citations omitted). "If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (emphasis added); see also 6 Wright, Miller & Kane, Federal Practice and Procedure, § 1487 (2d ed. 1990).

## DISCUSSION

**A.     Delay**

Defendants argue that Plaintiff unduly delayed in adding his NJLAD and Section 1981 race-related claims because he waited nearly two years after he was terminated and over one year since

3

he filed his initial Complaint to add these claims. See CM/ECF No. 26 at 5. This is true, however, as Defendants appear to recognize, delay alone is an insufficient ground to deny leave to amend. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). The Third Circuit has consistently recognized that there is "no presumptive period in which a motion for leave to amend is deemed 'timely' or in which delay becomes 'undue.'" Arthur v. Maersk, Inc., 434 F.3d 196, 205 (3d Cir. 2006). The determining issue is prejudice.

Defendants have not shown they are prejudiced by Plaintiff's proposed amendments. See Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (stating "prejudice to the non-moving party is the touchstone for the denial of the amendment."). Defendants had actual notice of Plaintiff's race-related claim as early as August 6, 2010, when Plaintiff filed his race-related EEOC charge naming both Defendants. See CM/ECF No. 26-2. In addition, no scheduling orders have yet been issued. Accordingly, not only did Defendants know that Plaintiff's race-related claims would be forthcoming, they will have ample time to prepare their defenses throughout the course of discovery.

**B.**   **Futility**

    **1.**   **Title VII Claim**

Defendants do not seem to oppose Plaintiff's race discrimination claim under Title VII. Instead, Defendants propose that the amendment should relate only to alleged racial discrimination occurring 300 days before the filing of Plaintiff's EEOC charge, which occurred on August 6, 2010. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (stating an employee must file an EEOC charge within 300 days of the discriminatory employment practice). This is consistent with the Court's prior ruling barring Plaintiff's ADEA claims based on conduct more than 300 days before Plaintiff filed his age-based EEOC charge. Therefore, Plaintiff's Title VII amendment will

be permitted so long as it is within the proscribed time limits and in accordance with Judge Martini's prior Opinion. See CM/ECF No. 13.

### 2. NJLAD and Section 1981 Claims

As to Plaintiff's remaining amendments, NJLAD is governed by a two year statute of limitations, see Montells v. Haynes, 133 N.J. 282, 291 - 92 (1993), and Section 1981 claims are governed by a four year statute of limitations. See Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 382 - 83 (2004). To the extent Plaintiff's amended claims pertain to allegations beyond the applicable statutes of limitation, they are clearly futile. However, Plaintiff appears to make some form of relation back argument, but it is difficult to understand and is devoid of facts. Indeed, Plaintiff's brief states "given the absence of any even [*sic*] threadbare allegations that Waters's proposed amended complaint runs afoul of the grounds articulated in Foman as bases for denying leave to amend, Waters would be shooting in the dark by arguing at length that his proposed amendment is proper." See CM/ECF No. 24 at 5. It is theoretically conceivable that certain allegations may relate back, but Plaintiff has not established that. Thus, the motion to amend is granted to the extent Plaintiff's proposed amendments are within the above proscribed limitations periods and Judge Martini's prior Opinion on the subject. See CM/ECF No. 13.

### CONCLUSION

In sum, the Court cannot discern from the papers whether any particular allegation is futile or whether relation back is a possibility. However, certain allegations (those that occurred within the limitations period) do not appear to meet the "clearly futile" 12(b)(6) standard. Thus, the motion to amend is **granted in part** and **denied in part**. Plaintiff may amend his complaint to assert any claims within the statute of limitations, as set forth in Judge Martini's prior Orders. Allegations

5

beyond those dates are clearly futile and to the extent the motion seeks to amend to assert those allegations, it is denied. An appropriate Order accompanies this Opinion.

**Dated: December 30, 2011**

                                                s/ Mark Falk
                                                **MARK FALK**
                                                **United States Magistrate Judge**